UNITED STATES DISTRICT COURT
WESTERN DISTRICT TENNESSEE
WESTERN DIVISION

ATAIN SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

CASE NO:

v.

M TOWN CONSTRUCTION, LLC,
a Tennessee limited liability
company, and PATRICK DURKIN,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), files this Complaint for Declaratory Judgment against the Defendants, M TOWN CONSTRUCTION, LLC ("M Town"), and PATRICK DURKIN ("Durkin") and in support, states:

### NATURE OF ACTION

1. This is an action for declaratory relief under 28 U.S.C. § 2201 to establish the absence of coverage under a general liability insurance policy for a lawsuit for property damage by a homeowner against the insured roofing contractor.

### JURISDICTION AND VENUE

2. Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

3. Venue is proper in this district because the events giving rise to the claim occurred here. 28 U.S.C. § 1391(a)(2). More specifically, this is the district where the insurance

policy was issued, where the Underlying Action is venued, and where the claimant's home was allegedly damaged.

4. All conditions precedent have occurred, have been performed, or have been waived.

## THE PARTIES

5. The Plaintiff, Atain, is a Michigan corporation with its principal place of business in Michigan. Atain is a surplus lines insurance company under T.C.A. § 56-14-101, *et seq.* and issued a commercial general liability policy to M Town.

6. The Defendant, M Town, is a Tennessee limited liability company with its principal place of business in Memphis, Tennessee. All of M Town's members and managers are citizens of Tennessee. None of M Town's members or managers are citizens of Michigan.

7. The Defendant, Durkin, is a citizen of the state of Tennessee.

## COMMON ALLEGATIONS

8. ***THE UNDERLYNG ACTION:*** Durkin filed a lawsuit in the Shelby County Circuit Court, Case No. CT-004623-16 against M Town seeking damages to his home due to M Town's alleged failure to properly secure the roof during a rain storm, which allegedly resulted in extensive water intrusion and related damages to his home. (the "Durkin Lawsuit").

9. Durkin alleged he is the owner of a residence at 935 Bruce Street, Memphis, Tennessee (the "Residence").

10. Durkin further alleged that M Town was hired to perform roof repairs to his Residence, and that while working on the roof, heavy rain began falling. Durkin alleged that M Town failed to adequately secure the roof to prevent water intrusion into the Residence.

11. Further, Durkin alleged that M Town failed to remove or clean up the excess water that entered the Residence. Consequently, Durkin allegedly suffered damage to his Residence, as well as the cost to repair and replace the roof work performed by M Town, and his loss of use of the Residence. Durkin asserted claims for negligence, breach of contract, and violations of Tennessee's Consumer Protection Act.

12. **THE ORIGINAL PROCEEDING:** A bench trial was held on May 10-11, 2017. The trial court ruled in favor of Durkin on his negligence and breach of contract claims. The trial court dismissed Durkin's Tennessee Consumer Protection Act claim.

13. A separate hearing was held on June 2, 2017 to address Durkin's damages. A copy of the transcript is attached as Exhibit "A." The trial court specifically noted that:

> There was expert testimony that if you don't do something within 72 hours, then you're going to have microbial - - problems with microbial bacteria, whatever. And that certainly, at this point and within a few days after the rain, the damage was much more significant than it was immediately after.

(Ex. A, Pg.6. ll.8-15).

14. The trial court further concluded that the value of the home was zero, based on the microbial infestation in the home: "[t]he Court takes judicial notice that no one would buy the house, no one, it's a zero value with the microbial - - the concern about that." (Ex. A, Pg. 7, ll.17-19).

15. Based on these findings, the trial court entered final judgment in the amount of $135,383.93, which included $9,625 for loss of use of the home during construction and remediation, $258.93 storage fees, $7,000 on repairs to the roof, and $118,500 for the lost value of the home due to the microbial issues. A copy of the final judgment is attached as Exhibit "B."

16. M Town appealed the final judgment as to the entry of award for lost value of the home. M Town did not appeal the award for loss of use, storage or roof repairs. On March 13,

2018, the Tennessee Court of Appeals reversed, in part, and remanded the case to re-calculate the damage to the home, based on the cost of repairs. *See Durkin v. M Town Constr., LLC*, No. W2017-01269-COA-R3-CV (Tenn. Ct. App. Mar. 13, 2018).

17. **THE FINAL JUDGMENT AFTER REMAND:** On remand, the trial court entered an amended final judgment based on the cost to repair Durkin's home. The trial court awarded Durkin $24,678.84, based on M Town's expert's estimate, $33,455.53, based on Durkin's expert's estimate, and $60,791.75 for the microbial remediation estimate. A copy of the Final Judgment on Remand is attached as Exhibit "C."

18. The trial court specifically found that the microbial remediation estimate was necessary to render Durkin's home habitable due to the presence of Category 2 "active microbial growth dormant in the wall cavities, and between layers of walls and ceilings," and Category 3 water, which had been present for more than 72 hours. Further, due to the "microbial state, the drywall, ceilings, floors and baseboards are hazardous and need to be removed." Ex. C, Pg. 3/4.

19. Durkin's construction expert estimate also included a line item for remediation of mold-damaged materials, totaling $11,713.06. A copy of the Capitol Construction Estimate is attached as Exhibit "D." A copy of the microbial remediation estimate by Servicemaster is attached as Exhibit "E."

20. **SECOND APPEAL AND REMAND FOR CORRECTED FINAL JUDGMENT:** M Town filed a second appeal from the final judgment, arguing among other grounds that the second final judgment included duplicate damages based on awarding over-lapping mold remediation claims. Additionally, M Town challenged the trial court's calculation of flooring damages.

21. The Tennessee Court of Appeals agreed that the $11,713.06 of remediation costs noted in the construction expert's estimate were duplicative of the Servicemaster remediation estimate, and should be dis-allowed. Further, the Tennessee Court of Appeals held the matter should be remanded for a proper calculation of the damages to Durkin's floor. *See Durkin v. M Town Constr., LLC*, No. W2018-00953-COA-R3-CV (Tenn. Ct. App. Mar. 13, 2019).

22. On remand, an agreed final judgment was entered on April 18, 2019, in the amount of $103,912.00. This amended judgment reflected the reduction of $11,713.06 and a slight reduction for duplicate floor repair costs. The final judgment continued to include $60,791.75 for mold repair and remediation expenses and $7,000 for roof repairs. A copy of the "Modified Final Judgment" is attached as Exhibit "F."

23. **THE ATAIN POLICY:** Atain issued Policy No. CIP281127, effective February 1, 2016 through February 1, 2017, to M Town, as the sole named insured (the "Policy"). A copy of the Policy is attached hereto as Exhibit "G."

24. The principal insuring agreement is contained in Form No. CG 00 01 04 13, which provides, in relevant part:

SECTION I – COVERAGES

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  (2)  The "bodily injury" or "property damage" occurs during the policy period …

2. **Exclusions**

This insurance does not apply to:

j. **Damage to Property**

"Property damage" to:

  (5)  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations, or

  (6)  That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. …

k. **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l. **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. **Damage to Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

  (1)  A defect, deficiency, inadequacy or dangerous condition in "your product' or "your work"; or

  (2)  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product' or "your work" after it has been put to its intended use. …

**SECTION V. – DEFINITIONS** ...

8. "Impaired property" means tangible property, other than "your product' or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product' or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product' or "your work"; or

   b. Your fulfilling the terms of the contract or agreement. ...

16. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product' or "your work" except ...

       (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

           (a) When all of the work called for in your contract has been completed.

           (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

           (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

       Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. ...

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. …

**21.**    "Your product":

    **a.**    Means:

        **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)**    You;
            **(b)**    Others trading under your name; or
            **(c)**    A person or organization whose business or assets you have acquired; and …

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product; and

        **(2)**    The providing of or failure to provide warnings or instructions. …

**22.**    "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)**    The providing of or failure to provide warnings or instructions. …

**25.**    The Policy also includes Form No. CG 21 67 12 04, titled "Fungi Or Bacteria Exclusion," which provides, in relevant part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**:

   2. **Exclusions**

   This insurance does not apply to:

   **Fungi Or Bacteria**

   a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

   b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity. …

   "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi. …

26. Atain agreed to defend M Town against the Durkin Lawsuit, subject to a reservation of rights, including but not limited to a reservation of rights to seek a declaratory judgment regarding the lack of indemnity coverage for the Durkin Lawsuit.

27. Moreover, Atain has paid the portion of the original judgment attributable for loss of use of the premises and Durkin's storage fees.

## COUNT I – NO COVERAGE
## FUNGI OR BACTERIA EXCLUSION

28. Atain incorporates paragraphs 1-27 as its allegations in this paragraph 28.

29. The damages sought by Durkin in the Durkin Lawsuit, in whole or in part, are attributable to the Residence's exposure to or contact with mold or bacteria, including but not limited to the Servicemaster estimate, and any portions of the Capitol Construction estimate attributable to mold remediation costs.

30. There is no coverage for any damage at issue in the Durkin Lawsuit which occurred, in whole or in part, due to any contact with, exposure to, the existence of, or presence of mold, mildew, bacteria, or any other type of fungus.

31. The Fungi or Bacteria Exclusion in the Policy applies to exclude coverage for all or part of the damages awarded in the Durkin Lawsuit.

## COUNT II – REPAIR OR REPLACEMENT OF M TOWN'S DEFECTIVE WORK IS NOT PROPERTY DAMAGE

32. Atain incorporates paragraphs 1-27 as its allegations in this paragraph 32.

33. Seven thousand dollars ($7,000) of the final judgment in the Durkin Lawsuit is directly attributable to the costs associated with repairing and replacing the roof installed by M Town.

34. The cost to repair or replace M Town's own defective work does not constitute "property damage" as that term is defined in the Policy

35. Any damages awarded against M Town for the cost to repair or replace its defective work in the Durkin Lawsuit are not covered under the Atain Policy.

## COUNT III – NO COVERAGE
## BUSINESS RISK EXCLUSIONS

36. Atain incorporates paragraphs 1-27 as its allegations in this paragraph 36.

37.  There is no coverage for the Durkin Lawsuit to the extent that Durkin seeks damages for "property damage" arising out of any part of the Residence that M Town was working directly or indirectly on in the performance of its operations, pursuant to Exclusion j.(5) of Coverage Part A.2. Exclusions.

38.  There is no coverage for the Durkin Lawsuit to the extent that Durkin seeks damages for any property that must be restored, repaired or replaced because Durkin's work was incorrectly performed on it, pursuant to Exclusion j.(6) of Coverage Part. A.2. Exclusions.

39.  There is no coverage for the Durkin Lawsuit to the extent that Durkin seeks damages for "property damage" to M Town's product under Exclusion k. of Coverage Part A.2. Exclusions.

40.  There is no coverage for the Durkin Lawsuit to the extent that Durkin seeks damages for "property damage" to M Town's work or arising out of it, under the "products-completed operations hazard", under Exclusion l. of Coverage Part A.2. Exclusions.

41.  There is no coverage for the Durkin Lawsuit to the extent that Durkin seeks damages for "property damage" to "impaired property" under Exclusion m. of Coverage Part A.2. Exclusions.

42.  One or more Exclusions in the Policy apply to limit or exclude coverage for the Durkin Lawsuit under the Policy.

## REQUESTED RELIEF

**WHEREFORE**, Atain respectfully requests this Court:

a.  Take jurisdiction and adjudicate the rights of the parties under the Policy;

b.  Find that Atain has no obligation to indemnify M Town, in whole or in part, for the Durkin Lawsuit;

    c.    Award Atain all costs it incurs to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Dated: May 28, 2019

Respectfully submitted,

KAUFMAN DOLOWICH & VOLUCK, LLP

/s/ John J. Cavo
John J. Cavo
Bar No. 6276423
jcavo@kdvlaw.com
135 South LaSalle St., Ste. 2100
Chicago, Illinois 60603
T: (312) 646-6744
F: (312) 896-9403
*Attorneys for Atain Spec. Ins. Co.*